On April 6, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Kunzig, and Bennett, Judges.
This patent infringement case is before the court pursuant to Rule 53(c)(2)(i) on plaintiffs (Corning) request for prompt review of Trial Judge Colaianni’s order granting defendant’s motion to stay proceedings. The trial judge has ruled that it is appropriate to stay proceedings in this court pending the outcome of a similar case currently in district court against International Telephone and Telegraph (ITT), the manufacturer of the allegedly infringing devices. He has certified this ruling as appropriate for prompt review.
Plaintiff argues for reversal of this decision because it deprives Corning of the right to have its case promptly decided pursuant to this court’s exclusive jurisdiction under 28 U.S.C. §1498. Defendant contends that the trial judge must be affirmed to serve the interest of judicial economy and to avoid duplicative discovery proceedings. We agree with defendant.
On July 14, 1976, plaintiff filed its original petition in this court charging the United States with acquiring and using certain low loss optical waveguides developed by *606 plaintiff, thereby infringing three of plaintiffs patents. On the same day, plaintiff filed suit in the United States District Court for the Western District of Virginia (Roanoke Division) against ITT, alleging that ITT had infringed the same three patents through its manufacture, use and sale of low loss optical waveguides.[1] On March 11,1977, the trial judge denied the Government’s first motion to stay all Court of Claims proceedings pending the outcome of the district court action. In that order, he expressed concern about whether the Government had procured the optical waveguides from suppliers other than ITT and, if so, whether those additional suppliers produced the waveguides by methods covered by the patents at issue. Thereafter, both parties engaged in considerable discovery to determine the identity of any suppliers other than ITT and the amount of Government procurement from each.
Based on this discovery, plaintiff filed a first amended petition on August 8, 1978, naming Galileo Electro-Optics Corporation (Galileo) as an accused supplier; and a second amended petition on November 6, 1978, similarly naming Valtec Corporation (Valtec). Defendant filed its second motion to stay proceedings on November 28, 1978. Trial Judge Colaianni granted the motion on January 24, 1979.
Plaintiff maintains that the effect of the trial judge’s order is to oust this court of its exclusive jurisdiction over patent suits against the United States under 28 U.S.C. § 1498. Plaintiff further argues that it must proceed in both the Court of Claims and the district court actions in order to obtain full recovery. Defendant counters that plaintiff need not proceed in both actions to obtain full recovery, but need only maintain both to achieve that result. The Government also emphasizes that both suits involve the same three patents and the same infringement issues. Since both courts have the power to decide those issues, defendant continues, but ITT has the greater incentive to defend the case vigorously, reasons of judicial economy indicate that the Court of Claims proceedings should be stayed pending the outcome of the district court action.
We cannot accept plaintiffs argument that a stay of proceedings in this court is an effective ouster of our *607 exclusive jurisdiction under 28 U.S.C. § 1498. A stay of proceedings merely postpones deciding the Government’s liability to plaintiff pending the outcome of the district court action. We hold that it is in the sound interest of judicial economy to stay proceedings in this court. Both actions were filed on the same day. Both involve the same patents and, since the Government was buying catalog items, the same issues of validity and infringement. As the trial judge pointed out, if the district court were to resolve these issues in plaintiffs favor, only an accounting trial might be necessary in this court.
Courts generally favor suits against the supplier, as primary defendant, over suits against that supplier’s customers, even where the customer’s suit is filed first. See Codex Corp. v. Milgo Electronics, 553 F.2d 735, 737-38 (1st Cir.), cert. denied, 434 U.S. 860 (1977); Williams Gold Refining Co., Inc. v. Semi-Alloys, Inc., 434 F. Supp. 453, 455 (W.D.N.Y. 1977). Since the Government bought commercially available waveguides, plaintiffs suit in this court is not essentially different from an ordinary customer suit. We see no reason why the principle favoring supplier’s suits should not apply here to further the interest of judicial economy and to avoid duplicative discovery hearings.
For the above reasons, we agree with defendant that the trial judge did not abuse his discretion in granting defendant’s second motion to stay proceedings in this court pending the outcome of the district court action.
it is therefore ordered, upon careful consideration of all submissions of the parties, and without oral argument, that plaintiffs request for review of the trial judge’s January 24, 1979 order is granted. The order of the trial judge is affirmed.

 On October 7,1976, the Government filed a motion pursuant to Rule 41 to notice ITT as a third-party defendant in this case. ITT advised the trial judge on January 21, 1977 that it did not intend to appear in this action.