**CORDELL ENGINEERING, INC., Plaintiff,**

v.

**PICKER INTERNATIONAL, INC., et al., Defendants.**

**No. CA 81–3320–T.**

United States District Court, D. Massachusetts.

June 15, 1982.

---

**18.** *See also In re Grand Jury Subpoena of Martin Flanagan*, 533 F.Supp. 957, 961 (E.D.N.Y. 1982).

Charles Hieken, Boston, Mass., for plaintiff.

Herbert P. Kenway, Kenway & Jenney, Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

This action, filed December 31, 1981, challenges the validity of certain patents held by defendant Picker International, Inc. (Picker). The patents are alleged to cover a semiautomatic mixing system manufac-

tured by plaintiff Cordell Engineering, Inc. (Cordell). This system is sold by Cordell to the Eastman Kodak Company (Kodak) and other customers who, in turn, resell them.

On December 3, 1981 Picker filed suit against Kodak in the United States District Court for the Northern District of Ohio, alleging Kodak's infringement of the patents involved in the present case, and of patent claims relating to chemical processes and containers used in connection with Cordell's product. Kodak filed a counterclaim in that suit, seeking a declaration of patent invalidity.

While Cordell has a direct interest in the validity of the patents as they relate to Cordell's product, the Ohio action involves chemical processes and containers which do not originate with Cordell. Picker alleges, and Cordell does not dispute, that the value of chemicals sold for use with Cordell's product far exceeds the value of the product itself.

Analogizing this case to the factual pattern presented in *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735 (1st Cir.), *cert. denied* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977), Cordell requests that this court enjoin Picker from proceeding against Kodak in the Ohio suit. Cordell, a Massachusetts corporation, argues that 28 U.S.C. § 1400(b)[1] gives alleged patent infringers the right to be sued in their "home district" and that Picker, by suing one of Cordell's customers in the Northern District of Ohio, is attempting to undermine Cordell's right to have the validity of the patents determined in Massachusetts. Cordell maintains that Ohio is a less convenient forum for the adjudication of patent infringement and that it will be forced, if for no other reason than to maintain its beneficial business relationship with Kodak, to defend or assist in the defense of the Ohio suit. Picker, on the other hand, has moved to transfer this action to the Northern Dis-

---

1. 28 U.S.C. § 1400(b) states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant re-

sides, or where the defendant has committed acts of infringement and has a regular and established place of business."

trict of Ohio or, in the alternative, to stay or dismiss this action pending the outcome of the Ohio suit. In short, the parties agree that the Ohio and the Massachusetts actions should not proceed simultaneously. They disagree on which forum is appropriate for resolving the patent dispute that permeates both causes.

As the court noted in *Codex*, where two suits involve the same issues, and prosecution of both would entail duplicative litigation and a waste of judicial resources, the first filed suit is generally preferred. *Id.* at 737. *See also Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir. 1965), *cert. dismissed*, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966). The court in *Codex* carved out an exception to the rule, however, where (1) the first filed suit is one for patent infringement brought by the patent owner against the customer of an allegedly infringing manufacturer and (2) the manufacturer brings a later suit for a declaration of patent invalidity against the patent owner in a timely fashion, and in a more convenient forum. Given such circumstances, *Codex* holds that a district court has discretion to enjoin proceedings in the earlier filed action and permit the later one to go forward.

In recognizing a "rebuttable presumption that a manufacturer's declaratory judgment action, in its home forum, at least if brought no later than promptly after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued," *Codex, supra*, at 738, the court sought to further two goals: preserving the venue rights of the allegedly infringing manufacturer, and promoting judicial economy. The court in *Codex* also considered the relative convenience of litigating in the respective forums and found there that Massachusetts was the more convenient of the two. *Id.* at 737.

While the present case bears some similarity to *Codex* in that both involve suits by a patent holder against customers of a manufacturer in a forum in which the manufacturer could not have been sued, this court finds the present case distinguishable on its facts. First, there is nothing to suggest here, as there was in *Codex*, that Massachusetts is the more convenient forum. Although Cordell is a Massachusetts corporation, and litigating here might well be more convenient for it, the inquiry must go further. The court must consider the convenience of *all* parties, the accessibility of witnesses and documentary evidence, and the nexus between the dispute and the respective forums.

Picker has its corporate headquarters in Ohio, and performs its sales, marketing, and servicing of the disputed product there. To the extent that the patent validity question turns on the conduct of Picker employees and counsel,[2] Ohio is clearly the more appropriate forum. A large portion of Picker's engineering and manufacturing facilities are located in Ohio, and the manufacture of its semiautomatic mixers takes place in Charlotte, North Carolina, which is significantly closer to Cleveland than to Boston. In addition, at least one of the inventors of the patented product resides in Charlotte. Moreover, Kodak, whose role in this triangle is clearly more than that of a "mere customer," see pp. 1319–1320, *infra*, has its headquarters and much of its engineering and manufacturing capabilities in Rochester, New York, which is somewhat closer to Ohio than to Boston. And while Massachusetts is the home state of the manufacturer, Massachusetts' interest in the dispute is no stronger than Ohio's, the home state of the patent owner. Thus, Ohio has a strong interest in seeing that its domestic corporations have the opportunity to protect their patent rights and to defend the validity of their patents against potentially infringing manufacturers or purchasers. Moreover, the court in *Codex* considered it significant that the declaratory judgment action could not have been brought in the

---

2. *See* plaintiff's motion to require defendant's counsel to withdraw, and supporting papers.

earlier forum (the home state of the customer), whereas Cordell could have brought this suit in Ohio, Picker's home state.

Concerns about judicial economy also must be addressed in determining the appropriate forum. Although Kodak has agreed to be joined as a party here if the Ohio proceedings are enjoined, it is clear that the Ohio suit involves claims against Kodak which are not directly involved in the dispute between Cordell and Picker. Fact-finding in the Ohio suit, which is likely to occur much sooner than fact-finding here, could lead to an early resolution of the issues underlying the Massachusetts suit, though the reverse is probably not true. The discovery period in the Ohio suit is nearly half over, while discovery in the Massachusetts case has not yet begun. There is no indication, moreover, that Picker's parent, General Electric Company, Ltd. (GEC), also named as a defendant in the Massachusetts action, would be less amenable to service in the Ohio action.[3] Again, the fact that the Massachusetts action can be transferred to Ohio and the entire matter resolved in one suit distinguishes this case from *Codex*, where the district court's decision to stay the Massachusetts action would have resulted in duplication rather than consolidation of litigation.

Also to be considered are Cordell's venue rights under 28 U.S.C. § 1400(b), in light of the factual underpinnings of this case. Although Cordell could not have been sued for patent infringement in Ohio, it could have brought its action for a declaratory judgment there rather than here. At stake, then, is Cordell's interest in having the validity of certain patents adjudicated in a forum of its choice. *Codex* presented the court with a situation in which the manufacturer was essentially forced, as a matter. of business practicality and self-preservation, to defend a suit for patent infringement in a forum not of its choosing. The

suit against the customer was, for all practical purposes, a suit against the manufacturer, in derogation of its venue rights. Permitting the earlier action to proceed would have left it with a sorry choice between controlling its customer's defense and thereby inviting res judicata, and sitting back and allowing the customer to defend alone. The former option would have deprived it of its statutory venue rights. The latter could have seriously threatened its relations with its customers and greatly injured its business. In addition, permitting actions against customers to proceed while an action by the manufacturer has been stayed allows patent owners to "divide and conquer." Thus an owner could conceivably sue all of the manufacturer's customers individually, intimidating them and inducing them to transfer their business to manufacturers of other, similar products. The effect would be to undermine the manufacturer's right to protect the integrity of his product, and to permit a large and unnecessary drain on judicial resources.

Those dangers are not present in this case, at least to a degree which would justify enjoining the Ohio proceedings. The suit against Kodak was not brought merely to coerce Kodak into taking its business elsewhere, nor as a means of attacking Cordell in a forum of Picker's choosing. Picker's dispute with Kodak overlaps, but is independent of, its dispute with Cordell. Picker's suit against Kodak involves issues which are not before the court in Cordell's declaratory judgment action. And Picker's dispute with Kodak over the product supplied to Kodak by Cordell predates by several years Picker's dispute with Cordell. It is clear that, at least up to this point, Picker's primary dispute has been with Kodak, and that Cordell's product is only one part of a patented system which is the subject of the Picker-Kodak controversy. Moreover, Cordell has mentioned only one other cus-

---

**3.** GEC filed a motion to dismiss in this action. In view of the court's disposition of this case, it is unnecessary to consider the merits of GEC's motion. However, the court notes that Picker, not GEC, is the owner of the patents in question.

tomer, besides Kodak, to which it sells the product in question, and there has been no indication that Picker plans to sue it, or any other Cordell customer who becomes known to it. Nor has either party suggested that Kodak is less able to defend the Ohio suit than Cordell is to prosecute the Massachusetts action. Hence the rationale underlying *Codex's* preference for the later suit "where the earlier filed action is an infringement suit against a *mere customer* and the later suit is a declaratory judgment action brought by the manufacturer of the accused devices", *id.* at 737 (emphasis added), is not dispositive of the present litigation. Here the defendant in the earlier filed suit is far more than a "mere customer," [4] and the later filed suit involves only part of the product which is the subject of the earlier suit.

### Conclusion

Considerations of convenience and judicial economy require that this case be transferred to the United States District Court for the Northern District of Ohio, notwithstanding plaintiff's right not to be sued for patent infringement in Ohio. Accordingly, this case will be transferred to the court presiding over defendant Picker's action against Kodak. Plaintiff's motion for an injunction is denied. In view of this disposition, this court will deny defendant GEC's motion to dismiss, plaintiff's request to enter default, and plaintiff's motion to require defendant's counsel to withdraw, without prejudice to the parties' rights to renew their motions before the district court in Ohio.

An order will issue.

---

4. It appears that Kodak repackages the mixer, warranties it, services it, sells it under the Kodak Label, and may even set some of the design specifications for it.