Peter Gabor KALMAN, Plaintiff,

v.

The BERLYN CORPORATION, Defendant.

Civ. A. No. 82–0346–F.

United States District Court, D. Massachusetts.

March 28, 1985.

**1328**

Francis D. Dibble, Jr., Bulkley, Richardson and Gelinas, Springfield, Mass., for plaintiff.

George L. Greenfield, Wolf, Greenfield & Sacks, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

This matter is before me on defendant's objections to the Reports of a Magistrate recommending that plaintiff's motion to dismiss defendant's counterclaims be granted and that defendant's motion for a preliminary injunction be denied. Having reviewed *de novo* those objected-to portions of the Magistrate's Reports, 28 U.S.C. § 636(b)(1), I have concluded that the Reports should be accepted for the most part.

Accordingly, plaintiff's motion to dismiss shall be granted in part and denied in part, and defendant's motion for injunctive relief shall be denied.

## I. FACTS

Plaintiff is the holder of U.S. Letters Patent 3,471,017 which claims a device for filtering molten plastic. One aspect of plaintiff's invention is that it employs a filter band or ribbon which is situated perpendicular to the flow of plastic and which moves continuously, thus exposing fresh filter to the plastic flow. Another feature of the device is that the temperature of the liquid plastic is such that the plastic itself constantly forms and dissolves as seals or plugs at the ribbon's entrance and exit points, thereby preventing the rest of the plastic from leaking out. The independent claims of plaintiff's patent are claims 1 and 18 and are as follows:

1. A process for filtering a heat-softened substance flowing through a passage comprising the steps of introducing a filter in the form of a filter band or ribbon by passing it through inlet and outlet ports flanking said passage so that a part of the filter extends across said passage, forcing the substance through the filter part to filter said substance whilst providing temperature conditions at said inlet and outlet ports resulting in the formation within said ports of sealing plugs of said substance of adequate rigidity to prevent substantial leakage at said ports and, when desired, effecting movement of said filter through said ports under conditions providing for self-maintenance of said sealing plugs to introduce another part of said filter band or ribbon into said passage.

18. A filtering device, for filtering a heat-softened substance, including a body defining a passage through which said substance can be caused to flow and slotted inlet and outlet ports flanking said passage through which a filter in the form of a band or ribbon is passed and can be moved to introduce different parts of said filter across said passage,

said ports being adapted for the formation therein, in use, of sealing plugs of the substance being filtered permitting movement of said filter through said slots without substantial leakage of said substance, and means to provide temperature conditions at said ports to form said plugs.

In 1978 plaintiff sued one of defendant's customers, Kimberly-Clark Corporation, in the Eastern District of Wisconsin for patent infringement. As part of its indemnification agreement with Kimberly-Clark, defendant—as manufacturer of the accused device—financed and conducted the defense of the suit. Defendant's attorney, Leonard J. Santisi, who is also the attorney of record in the instant litigation, tried the case. Kimberly-Clark also retained local counsel, Quarles & Brady, whose purpose was to protect Kimberly-Clark's interests should those interests and the interests of the defendant diverge, but who apparently never exercised this veto authority with the possible exception of one occasion. At oral argument before the Magistrate, Attorney Santisi admitted that defendant had 98% control over the Wisconsin litigation.

The 2% exception to defendant's control manifested itself in a stipulation plaintiff and Kimberly-Clark entered into in the Wisconsin case. As part of its infringement claim, plaintiff had wanted to inspect Kimberly-Clark's business premises. Kimberly-Clark did not wish to allow this, and the parties accordingly stipulated that defendant's accused device "read on" plaintiff's patent claims with the exception of the filter band or ribbon aspect. Thus, although the issue of the validity of plaintiff's patent was fully litigated, the issue of infringement went to the trier of fact on the narrow single ground of whether the filter defendant manufactured employed the same ribbon or band feature as was claimed in plaintiff's patent.

The trial court found both that plaintiff's patent is valid and that defendant's device infringes. On appeal, the Court of Appeals affirmed. *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760 (Fed.Cir.1983), *cert.* denied, —— U.S. ——, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984).

While the Wisconsin case was in progress, plaintiff brought suit against the defendant in this Court, again alleging infringement. Defendant has counterclaimed, seeking a declaratory judgment that plaintiff's patent is invalid and that defendant's manufactured device does not infringe.

On August 23, 1984, while this case was pending, plaintiff filed another infringement action in the Eastern District of Wisconsin against another of defendant's customers, Presto Products, Inc. Defendant accordingly seeks here to enjoin plaintiff from prosecuting this new Wisconsin suit and any further customer suits until the instant litigation, which involves the real parties in interest, is resolved. Plaintiff argues that the outcome of the first Wisconsin litigation collaterally estops defendant on both the validity and infringement issues. Plaintiff has accordingly moved that defendant's counterclaim be dismissed.

The Magistrate, agreeing with the plaintiff, recommended that defendant's counterclaim be dismissed. The Magistrate thus found no basis for granting defendant a preliminary injunction because, with the dismissal of its counterclaim, defendant could not demonstrate the requisite likelihood of success on the merits. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981).

## II. DISCUSSION

### A. Collateral Estoppel

Collateral estoppel, or issue preclusion, prevents a party from relitigating issues that a court has already decided. *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed.Cir.1983); *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 702 (Fed.Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984). The operation of collateral estoppel has four prerequisites: 1) the issue in the two suits must be identical; 2) the issue must have been "actually litigated" in the

first suit; 3) the issue must have been necessary to the first decision; and 4) the party to be estopped must have had substantial control over the first litigation. *Id.* In this case, the controversy swirls around the fourth and second factors: defendant argues both that the prejudicial stipulation Kimberly-Clark entered into in the Wisconsin litigation is evidence that defendant was not in control of that case and also that a stipulation is not "actual litigation" for the purposes of collateral estoppel in any event.

### 1. Substantial Control

■ As to the control factor, the Court agrees with the Magistrate that defendant substantially controlled the Wisconsin suit. Defendant financed and conducted the defense. Defendant's attorney himself admitted at oral argument to having 98% control. The defendant's objections to the Magistrate's Report stress Kimberly-Clark's veto *power;* however, unexercised potential for control cannot negate the fact of defendant's actual control over the litigation. The one instance where defendant may have lost control—the stipulation—does not so infect defendant's overall control as to justify not applying collateral estoppel to those issues that were actually litigated in the first Wisconsin suit.

### 2. Actual Litigation

The requirement of actual litigation is more troublesome. The law clearly states that a stipulation cannot form the basis for collateral estoppel unless the parties manifest an affirmative intention to be bound by the stipulation in future cases. *Red Lake Band v. United States,* 607 F.2d 930, 934, 221 Ct.Cl. 325 (1979); *see also Otherson v. Department of Justice, Immigration & Naturalization Service,* 711 F.2d 267, 274 (D.C.Cir.1983); *Sekaquaptewa v. MacDonald,* 575 F.2d 239, 247 (9th Cir. 1978). Here, the parties indicated that the stipulation was for purposes of the first Wisconsin litigation only. Defendant argues that because the stipulation gave away the entire infringement issue and be-cause the questions of infringement and validity are so intertwined, defendant can be estopped on neither issue.

In concluding that the defendant is completely estopped on the infringement issue, the Magistrate reasoned that even though defendant had stipulated that defendant's accused device literally reads on plaintiff's Claims 1 and 18 with the exception of the "filter band or ribbon" limitation, the issue of infringement as to this limitation was actually litigated and found, so that "the fact that infringement was also based on other admissions made by the stipulation is a moot point." Report and Recommendation at 11. The Magistrate buttressed his conclusion with the additional fact that defendant had so far failed to show he would actually contest any facts that were the subject of the stipulation; in fact, the record indicated that the facts stipulated to were true.

The Court would agree with the Magistrate on this point were it not for the fact that defendant, in its objections to the Magistrate's Report, has now represented to the Court that defendant does dispute that its accused device has "sealing plugs" of the filtered material. Instead, defendant argues that its device uses a close clearance between the filter plates and the housing to prevent leakage of the molten plastic. This sealing plug aspect is a key limitation, *see Kalman v. Kimberly-Clark Corp.,* 713 F.2d at 768 (closely fitting metal parts "vastly different from relying on the plastic itself, as in Kalman, to form plugs."). If in fact a trial should disclose that defendant's accused device does not use sealing plugs, it is possible that infringement would not be found. *See Amstar Corporation v. Envirotech Corporation,* 730 F.2d 1476, 1484 (Fed.Cir.) ("non-infringement is shown when an element or step in the claims is missing from the accused product or process"), *cert. denied,* — U.S. ——, 105 S.Ct. 306, 83 L.Ed.2d 240 (1984).

Since this sealing plug feature was a part of the stipulation in the first Wisconsin litigation and since resolution of this

issue could result in a different infringement result, the Court concludes that defendant cannot be collaterally estopped on the entire infringement issue. Defendant, however, is collaterally estopped on the "filter band or ribbon" issue, and on the validity issue, both of which were actually litigated in the Wisconsin suit.

*B. Preliminary Injunction*

Since the Magistrate found defendant to be completely estopped as to both the validity and infringement issues, the Magistrate concluded that defendant could not prevail on the merits of its counterclaim and thus was not entitled to a preliminary injunction against plaintiff enjoining it from prosecuting pending and future customer suits. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d at 1009.

■ In its objections to the Magistrate's Report, the defendant argues that the Magistrate applied the wrong legal test to defendant's motion. The defendant maintains that in accordance with the tripartite test of *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1951), this Court should issue the injunction. The defendant also argues, in its original memorandum in support of its preliminary injunction motion, the applicability of *Codex Corporation v. Milgo Electronic Corporation*, 553 F.2d 735 (1st Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977), a case concerned with manufacturer's venue rights. In *Codex*, the Court of Appeals held that a later-filed declaratory judgment action brought by the manufacturer of an accused device should take precedence over an earlier-filed infringement action brought by the patentee against one of the manufacturer's customers if the customer suit had been brought in a forum where the manufacturer could not have been sued for infringement. *Id.* at 738.

This Court, having studied the *Kerotest* opinion, finds no rigid, tripartite test such as defendant describes. Rather, the Court views its task in ruling on defendant's motion as one committed to the Court's discretion. *Id.* 342 U.S. at 183–84, 72 S.Ct. at 221.

■ As for the applicability of *Codex*, the Court declines to issue a preliminary injunction on the strength of that case. *Codex* is not really applicable here. Not only is the customer suit defendant seeks to enjoin not an earlier-filed suit, but also the Court is not faced with a situation in which the manufacturer's venue rights are threatened. Plaintiff has sued defendant, the manufacturer, here in its home forum. One of *Codex*'s main rationales for allowing an injunction is thus absent here. *Cf. Cordell Engineering, Inc. v. Picker International, Inc.*, 540 F.Supp. 1316 (D.Mass. 1982) (*Codex* inapplicable where neither venue rights nor judicial economy threatened).

The Court deems the relief defendant seeks to be extraordinary and intrusive. Rather than enjoin plaintiff from prosecuting future customer suits pending the outcome of the instant case, the Court leaves defendant to the remedy of seeking, through its customers, a stay of those customer suits in the courts in which they are brought. It is to be hoped that the parties and the courts involved will see the wisdom of permitting such stays, with litigation between the real parties in interest proceeding in this forum.

## CONCLUSION

In sum, the Magistrate's Reports and Recommendations are mostly accepted. The defendant, having had substantial control over the first Wisconsin litigation, is collaterally estopped from relitigating both the validity of plaintiff's patent and the issue of whether defendant's accused device employs the same "filter band or ribbon" as is claimed in plaintiff's patent. Plaintiff's motion to dismiss defendant's counterclaim as to these issues is GRANTED. Furthermore, in light of the differences between the instant litigation and the circumstances of the *Codex* case and the intrusiveness of defendant's requested in-

junctive relief, defendant's motion for a preliminary injunction is DENIED.

It is So Ordered.