Jose **MORALES SERRANO** et al., Plaintiffs, Appellants,

v.

**PLAYA ASSOCIATES, INC.,** et al., Defendants, Appellees.

No. 6997.

United States Court of Appeals First Circuit.

March 7, 1968.

Ivan Diaz de Aldrey, San Juan, P. R., with whom Charles Peter Adams, and Brown, Newsom & Cordova, San Juan, P. R., were on brief, for appellants.

Victor House, Santurce, P. R., with whom Gonzalez, Jr., Gonzalez-Oliver & Novak, Santurce, P. R., was on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal from an order of the district court for the District of Puerto Rico refusing to pass upon a motion to remand, and staying further proceedings pending the outcome of another action between some of the parties. The present suit was commenced in the insular court by Jose Morales Serrano and wife, citizens of Puerto Rico, hereafter Morales in the singular, against Playa Associates, Inc., a New York corporation, Roth, a citizen of New York, and one Christiansen. Morales asserted the giving of an option to Christiansen to buy certain land, for which Christiansen had made a down-payment of $20,000, of which $10,000 was to be returned if the sale was not consummated. Christiansen's rights under the contract were allegedly assigned to Roth, and by him to Playa, and the option not having been exercised, Morales asked for a determination of which defendant was entitled to the $10,000 refund, deposited by him in court. Playa and Roth removed the action to the federal court. Christiansen did not join in the removal, but not having been served, this was of no consequence. Pullman Co. v. Jenkins, 1939, 305 U.S. 534, 540–541, 59 S.Ct. 347, 83 L.Ed. 334. Playa and Roth accompanied their answer with a counterclaim, alleging that the sale was not effected because of Morales' default, and seeking substantial damages. In addition, Playa, alone, filed a separate federal district court

action, hereafter Playa's suit, against Morales, seeking the same relief.

Morales moved to remand the present case on the ground that the amount in controversy did not exceed $10,000, and the further ground that it now appeared that Christiansen had also assigned part of his rights to Piedrahita Realty, Inc., a Puerto Rican corporation, which, accordingly, was an indispensable party whose presence would destroy diversity jurisdiction. By separate motion under F.R. Civ.P. 19 Morales sought to join Piedrahita as a defendant. In declining to pass on these motions, and, instead, ordering a stay on June 12, 1967, the court said,

> "The allegations contained in Civil No. 167–67 [Playa's suit] clearly set out the fundamental controversy between the parties herein. Resolution of that case will resolve the basic issues involved in this case, free of the many complex issues concerning jurisdictional amount, necessary or indispensable parties, and other aspects of federal-state court relations."

Morales' appeal, although suggesting intricate questions, is without merit. In the first place, a district court's order staying proceedings in a case before it does not normally attain the status of an interlocutory decision within 28 U.S.C. § 1292(a), and is therefore not appealable. Ephraim Freightways, Inc. v. Red Ball Motor Freight, Inc., 10 Cir., 1967, 376 F.2d 40; Jackson Brewing Co. v. Clarke, 5 Cir., 1962, 303 F.2d 844; Ferguson v. Tabah, 2 Cir., 1961, 288 F.2d 665; International Nickel Co. v. Martin J. Barry, Inc., 4 Cir., 1953, 204 F.2d 583. To this Morales urges that failure to remand an action where federal jurisdiction is lacking is tantamount to the issuance of an injunction against further proceedings in the state court in violation of 28 U.S.C. § 2283, and is appealable as such. The answer to this is that the hypothesis is wrong. The court has not enjoined Morales from proceeding in the insular court. He may start a new action there at any time, and the pendency of the federal case is not a matter in abatement. Hayes Industries, Inc. v. Caribbean Sales Associates, Inc., 1 Cir., 1967, 387 F.2d 498.*

The question comes whether we should treat the abortive appeal as a petition for mandamus, International Nickel Co. v. Martin J. Barry, Inc., supra. Passing the fact that on a petition for mandamus we cannot decide the issues extensively argued here on the merits, but can only require the district court to do so, In re Henneman, 1 Cir., 1943, 137 F.2d 627, a petition for mandamus is an extraordinary writ, rarely to be invoked. Bankers Life & Cas. Co. v. Holland, 1953, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106. Even on the assumption that the district court's stated reasons for its order of June 12 were erroneous, we cannot see how Morales has been substantially harmed by the order. It is just as open to him to move under Rule 19 to add Piedrahita as a party in Playa's suit as it would be here were the court to consider it.

Correspondingly, or alternatively, Morales can institute a new declaratory action in the insular court, this time naming Piedrahita as well as Playa and Roth, and if Piedrahita is, in fact, a vital party, there will not be complete diversity, and the other defendants should not be able to remove.

While we make no final decision as to any of these matters, the merits, as we have already pointed out, not being before us, we are satisfied that Morales has in no way made the exceptional showing warranting the allowance of a petition for mandamus. We will not so treat the appeal, and the appeal itself is dismissed for lack of appellate jurisdiction.

---

\* It is true that in this instance the $10,-000 deposit is now, presumably, in the district court. Defendants would seem to be in no position, however, to object to the voluntary dismissal of this suit if they continue to insist on its not being tried. If they do object, or if defendants remove a second action and ask to have it stayed, it will be time enough to consider whether the purpose and effect is to violate section 2283.