CODEX CORPORATION and Yellow
Freight System, Inc., Plaintiffs,
Appellants,

v.

MILGO ELECTRONIC CORPORATION
and International Communications Cor-
poration, Defendants, Appellees.

No. 76–1433.

United States Court of Appeals,
First Circuit.

Argued Dec. 8, 1976.

Decided April 29, 1977.

William W. Rymer, Boston, Mass., with whom Frank P. Porcelli and Fish & Richardson, Boston, Mass., were on brief for plaintiffs, appellants.

Stanley R. Jones, Tustin, Cal., with whom Harold L. Jackson, Jackson & Jones Law Corp., Tustin, Cal., Gordon Williamson, and Kenway & Jenney, Boston, Mass., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal from the denial of an injunction. Defendant-appellee, Milgo, a Florida corporation, owner of certain patents, brought suit for infringement in the District of Kansas, against Yellow Freight, a customer of appellant Codex, the manufacturer of the accused devices. Codex is a Massachusetts corporation which could not be sued in Kansas under the patent venue statute, 28 U.S.C. § 1400(b). Codex shortly thereafter brought the instant declaratory judgment action in Massachusetts and sought an injunction against the Kansas suit.[1] Milgo countered with motions to dismiss, to stay, or to transfer to Kansas. The district court, while finding that it could not be transferred because Kansas was not a district where the declaratory judgment action "might have been brought," 28 U.S.C. § 1404(a), stayed the Massachusetts proceeding until the Kansas suit be ended. Sub silentio, it denied the injunction. Codex appeals.[2]

---

1. Yellow Freight joined as a plaintiff in Codex's declaratory action, and has no objection to litigating in Massachusetts rather than Kansas.

2. Our disposition herein renders moot the related petitions for mandamus, *In re Codex Corp. & Yellow Freight System, Inc.,* No. 76–1387 Orig. and No. 76–1438 Orig.

■ We deal first with the question of our jurisdiction. Ordinarily, no appeal can be taken from district court orders on transfers between districts pursuant to 28 U.S.C. § 1404(a), *In re Josephson,* 1 Cir., 1954, 218 F.2d 174, 176–77; 9 Moore's Federal Practice ¶ 110.13[6] (2d ed. 1975), or from orders staying proceedings pending suit in another court, *Morales Serrano v. Playa Assoc., Inc.,* 1 Cir., 1968, 390 F.2d 593; 9 Moore, ante, ¶ 110.20[4.–2]. Although mandamus may be available in such cases, it will be granted, or even considered, only in "really extraordinary situations." *In re Josephson,* ante, at 183. However, the denial of an injunction against suit in another forum is appealable as of right, 28 U.S.C. § 1292(a), 9 Moore, ante, ¶ 110.20[1] at n. 22, and it has been held that in venue cases such as this the court of appeals will review the entire venue question as ancillary to the appeal from the disposition of the request for an injunction against a suit in another district. *Maryland v. Atlantic Aviation Corp.,* 3 Cir., 1966, 361 F.2d 873, *cert. denied,* 385 U.S. 931, 87 S.Ct. 290, 17 L.Ed.2d 212; *National Equip. Rental, Ltd. v. Fowler,* 2 Cir., 1961, 287 F.2d 43; *Tyrill v. Alcoa Steamship Co.,* 2 Cir., 1959, 266 F.2d 27; *Barber-Greene Co. v. Blaw-Knox Co.,* 6 Cir., 1957, 239 F.2d 774.

■ While we conclude that we have jurisdiction, this does not answer the question of the standard of review. Much of the reasoning counselling against liberal use of mandamus in choice of venue cases, *see In re Josephson,* ante, at 182–83, is equally applicable here. The decision on choice of venue is ordinarily a matter within the district court's discretion, not to be overturned except on a very strong showing. Where the lower court's decision is arrived at by balancing numerous factors such as the convenience of parties and witnesses, availability of documents, possibilities of consolidation or coordination, and so forth, there will often be no single right answer. Appellate review, therefore, is properly limited in the ordinary case because it serves little purpose, other than delay, to engage in a de novo consideration of such an inherently indeterminate decision. Indeed, just as in *Josephson* we indicated that we will ordinarily dispose of mandamus petitions in such cases by denying leave to file the petition for a writ, in cases where we have appellate jurisdiction summary disposition pursuant to local Rule 12 may often be appropriate. This does not mean, however, that discretion is non-reviewable. *Kerotest Mfg. Co. v. C–O–Two Co.,* 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200. The case at bar presents special reasons because of important considerations involved in patent litigation.

Were this simply a dispute between Yellow Freight, Codex, and Milgo, the issue would be simple. Milgo is a Florida corporation, and its technical experts and witnesses are to be found in Florida or elsewhere on the East Coast. Codex, a Massachusetts corporation, has its principal place of business here, with its witnesses and documents. Yellow Freight, a Kansas corporation, is merely a customer of Codex; Milgo has made no showing that the dispute concerning the devices which Codex provided to Yellow Freight bears any substantial relation to Kansas. Accordingly, as between Massachusetts and Kansas, Massachusetts would clearly be the more convenient forum.

■ Milgo argues that the Kansas action, having been filed earlier, should be preferred. *Mattel, Inc. v. Louis Marx & Co.,* 2 Cir., 1965, 353 F.2d 421, *cert. dismissed,* 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546. While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound. Accordingly, an exception to the first-filed rule has developed in patent litigation where the earlier action is an infringement suit against a mere customer and the later suit is a declaratory judgment action brought by the manufacturer of the accused devices. *William Gluckin & Co. v. International Playtex Corp.,* 2 Cir., 1969, 407 F.2d 177. At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the

manufacturer is the true defendant in the customer suit. In spite of Milgo's vigorous protests to the contrary, it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products. *See Bros Inc. v. W. E. Grace Mfg. Co.,* 5 Cir., 1958, 261 F.2d 428, 430.

Nor is Milgo correct in saying that "Codex was not deprived of any venue rights." It offers two reasons. First, Codex "may control the Kansas Yellow Freight litigation without becoming a party in Kansas." This ignores the fact that if Codex does that, and loses, the Kansas decision will be binding on it as res judicata. *Schnell v. Peter Eckrich & Sons, Inc.,* 1961, 365 U.S. 260, 262 n. 4, 81 S.Ct. 557, 5 L.Ed.2d 546. Its alternative suggestion, that Codex "may let Yellow Freight control the Kansas litigation and then present its defenses in the Boston suit after the stay order is lifted" is even more disingenuous. Milgo's principal ground, post, for supporting the decision below is that because there is an already "experienced tribunal" in Kansas, a trial there would promote judicial economy. Obviously, if Yellow Freight is to be tried in Kansas, and then Codex in Boston, there will be no judicial economy, but, rather, judicial duplication.[3] Regardless of what Milgo would contend, it seems to us only too clear that the district court's decision effectively compels Codex to renounce its right not to be sued in a forum where it could not have been sued for infringement, 28 U.S.C.

§ 1400(b), and to which its declaratory judgment action could not have been transferred, 28 U.S.C. § 1404(a), *Hoffman v. Blaski,* 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

 Venue. rights, contrary, perhaps, to the view of the district court, which did not mention them at all, are important, particularly in patent litigation, *see Schnell v. Peter Eckrich & Sons, Inc.,* ante, 365 U.S. at 262 n. 4, 81 S.Ct. 557, where it is well known that the patent bar believes that the hospitality accorded patents varies markedly from circuit to circuit.[4] With the advent of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 1971, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 establishing, as to patentees, the one-strike-and-you're-out doctrine, forum shopping becomes peculiarly appealing. In these circumstances, while we do not say that there should be an inflexible rule, we would recognize a rebuttable presumption that a manufacturer's declaratory judgment action, in its home forum, at least if brought no later than promptly[5] after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer could not be sued.[6]

 Milgo's basic argument for litigating in Kansas rests on claims of judicial economy. We preface this by repeating, *see ante,* that judicial economy assumes that the Kansas litigation is to be in substitution, rather than merely a precursor, for the Massachusetts action, and hence rejects Mil-

---

3. We are aware of the observation in *Kerotest* that if the manufacturer does not wish to join in the customer suit, it may carry on a declaratory judgment suit elsewhere "simultaneously." 342 U.S. at 186, 72 S.Ct. 219. We may wonder whether the Court would say that today. Nor was this the view the district court adopted, for it said, "The alternatives are to enjoin the Kansas action, or stay this proceeding," and did the latter. Whether it thought that to stay was merely to postpone, or a euphemism for terminate does not appear.

4. *See, e. g., Rayco Mfg. Co. v. Chicopee Mfg. Corp.,* S.D.N.Y., 1957, 148 F.Supp. 588; Baum, The Federal Courts & Patent Validity: An Analysis of the Record, 56 J. Pat. Off. Soc'y 758, 762 (1974).

5. Milgo's statement that the declaratory judgment action was brought "more than one month" later, (actually 35 days), if meant to negative promptness, is quite unwarranted.

6. There may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer, and therefore less weight should be given to the manufacturer's forum. Nor do we mean to say that the balance of convenience might not indicate that the customer suit is in the more appropriate forum, but there is no present indication that this is such a case.

go's assertion that Codex's venue rights are in no way involved. The first of these claims is that Kansas is the preferable forum because Milgo has already litigated the validity of its patents there in a suit against another party, United Utilities, Inc. While Milgo's past success makes its affection for Kansas understandable, the substance of this argument overlooks the fact that that litigation being largely completed, there is no possibility of consolidation or coordination to promote judicial economy. Nor has there been any showing the Judge Templar, who had the *United* case, and who is a senior judge, will accept a new, and what may well be a lengthy case.[7] However, if he will do so, although the presence of an "educated judge" has been considered significant by some courts, *Union Carbide Corp. v. Continental Oil Co.*, S.D.N.Y., 1971, 172 U.S.P.Q. 62; *Bell Industries v. Sidewinder Marine, Inc.*, E.D.Cal., 1973, 179 U.S.P.Q. 142, since it is possible that some economies will be achieved by proceeding before the same judge, there are two sides to this coin. While a judge who has already found a patent valid as against one defendant may not be disqualified from reconsidering the issue against another, *Denis v. Perfect Parts, Inc.*, D.Mass., 1956, 142 F.Supp. 263, (a case about which the writer has since had doubts), if he is the fact finder, and the factual issues are the same, it may be difficult for the district judge to give, or to feel he is giving, a new defendant a de novo, impartial consideration. See discussion in *O'Shea v. United States*, 1 Cir., 1974, 491 F.2d 774, at 778–79, and cases cited. We consider prior judicial experience in such a situation more a negative than an affirmative reason for transfer.

Finally, Milgo points to the fact that along with the Codex suit, it has brought another Kansas action, this one against American Telephone & Telegraph Co., a New York corporation, Western Electric, its New York manufacturing subsidiary, Southwestern Bell, a Missouri subsidiary, and Boeing Computer, a Delaware corporation which purchased accused devices from Southwestern. On the same day that the district court rendered its decision in the instant case, the Kansas court denied AT&T's motion to transfer that action to New York.[8] Apparently, then, the AT&T action will go forward in Kansas, and Milgo urges this as an additional reason for affirming the decision below.

■ The pendency of related litigation in another forum is a proper factor to be considered in resolving choice of venue questions, *see, e. g., Firmani v. Clarke*, D.Del., 1971, 325 F.Supp. 689; *Thomson & McKinnon v. Minyard*, S.D.N.Y., 1968, 291 F.Supp. 573, and may have been decisive in a number of cases where the convenience factors were inconclusive, *see, e. g., Pesin v. Goldman, Sachs & Co.*, S.D.N.Y., 1975, 397 F.Supp. 392; *Medtronic, Inc. v. American Optical Corp.*, D.Minn., 1971, 337 F.Supp. 490; *Maxlow v. Leighton*, E.D.Pa., 1971, 325 F.Supp. 913. However, we have found no case where it has carried the day against factors pointing in the other direction. Nor are we fully convinced of the propriety of using another customer suit of another manufacturer, which, incidentally, may have very different collateral issues, as a magnet to draw a suit to a jurisdiction where it otherwise should not be. This would mean that if a patentee brings enough suits in what, in all respects, other than its personal hope of a favorable outcome, is an unnatural and inconvenient forum from the standpoint of trial, it can bootstrap itself into staying there.

■ To return to the beginning, this whole question is normally for the decision

---

7. *See Ziegler v. Dart Industries, Inc.*, D.Del., 1974, 383 F.Supp. 362, 365. Milgo also urges as a reason for litigation in Kansas that the suit has been assigned for pre-trial to the same judge who supervised discovery in the *United* action, but we think this a slender reed.

8. The New York court had previously ruled that it would defer consideration of AT&T's motion for an injunction against the Kansas suit pending the Kansas court's ruling on the transfer motion, so that at the time the district court acted, it could not have known whether there would be another action in Kansas, or not.

and discretion of the district court, in which an appellate court should be slow to interfere. However, this is not a routine case, nor is it one where we find an abuse of discretion. Rather, it presents a situation, likely to recur, which we believe calls for the development of special principles not previously fully articulated. Since we see, in accordance with the principles herein set forth, room for only one decision, we see no point in remanding to the district court. While the result we reach here may not save judicial effort in this particular case, hopefully the views we have here set forth will, in the long run, diminish forum shopping and the attendant wasteful pre-trial skirmishing which has been all to common in patent litigation.

*Reversed.*