**WEHR CORPORATION, Plaintiff,**

v.

**COMMERCIAL CONSTRUCTION CORP., Defendant.**

Civ. No. 78-4271.

United States District Court,
S. D. Florida,
Civil Division.

Jan. 29, 1979.

---

R. Benjamine Reid Bradford, Williams, McKay, Kimbell, Hamann & Jennings, Miami, Fla., for plaintiff; Joseph A. Gemignani, John L. Beard, Michael, Best & Friedrich, Milwaukee, Wis., of counsel.

Charles L. Lovercheck, Erie, Pa., for defendant.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE came before the Court for review upon the Motion to Intervene and the Motion to Stay filed on behalf of Eriez Manufacturing Company.

---

This case was instituted by the WEHR Corporation alleging that the Commercial Construction Corporation has violated 35 U.S.C. § 271 by its use of an allegedly patented product; to wit: a magnetic refuse separator.

The answer of Commercial Construction and the motion to intervene on behalf of the Eriez Manufacturing Company reveal that Eriez is the manufacturer of the magnetic refuse separator which was purchased and used by Commercial Construction. The record also reflects that the WEHR Corporation has filed a patent infringement suit against Eriez in Tacoma, Washington alleging that Eriez has violated 35 U.S.C. § 271 by manufacturing and selling the magnetic refuse separator which is the subject of this litigation.

The plaintiff does not object to Eriez' motion to intervene. This Court finds that Eriez' motion to stay is well founded.

The Court finds that the first filed rule should and does warrant this Court's stay of the present action. See *Cessna Aircraft Company v. Brown,* 348 F.2d 689 (10th Cir. 1965); *Mattel, Inc. v. Louis Marx & Co.,* 353 F.2d 421 (2nd Cir. 1965); and *Ciba-Geigy Corporation v. Minnesota Mining and Manufacturing Company,* 439 F.Supp. 625 (D.C. R.I.1977).

The overriding judicial sentiment controlling the case at bar dictates that where a complainant files two patent infringement suits in two different judicial districts, one against the manufacturer and the other against a user, the suit against the user should be stayed pending a resolution of the suit against the manufacturer. See *Codex Corporation v. Milgo Electronic Corporation,* 553 F.2d 735 (1st Cir. 1977).

Indeed, the policy considerations of allowing a patent infringement suit to proceed first against the manufacturer have been held to outweigh the first filed rule. *Codex Corporation v. Milgo Electronic Corporation,* supra. In view of the fact that the present suit against the product user was filed subsequent to the filing of an identical suit against the product manufacturer, it is

ORDERED AND ADJUDGED that all proceedings in this cause be and hereby are STAYED pending an adjudication for final resolution of *WEHR Corporation v. Eriez Manufacturing Co., et al,* Case No. 77–296T (D.C. Washington). The parties are further directed to file a report every ninety (90) days disclosing the status of Case No. 77–296T.