**ATSPI, INC., a Pennsylvania corporation, Plaintiff,**

v.

**SHARPER IMAGE, INC., a corporation, Siglofin, Inc., a corporation, t/d/b/a American Phone Center and Ronald Davis, an individual, t/d/b/a Econo Phone, Defendants.**

**Civ. A. No. 87–1977.**

United States District Court, W.D. Pennsylvania.

Jan. 28, 1988.

Alfred Yates, Pittsburgh, Pa., for plaintiff.

Harold R. Schmidt, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

This is an action for alleged infringement of the plaintiff's patent for duck-shaped telephones. The plaintiff, ATSPI, Inc. ["ATSPI"], is a Pennsylvania corporation with its principal office and place of business in Freeport, PA. ATSPI alleges it owns a patent for duck phones, and the defendants are each alleged to have sold or distributed duck phones within the scope of the plaintiff's patent in Pittsburgh, PA. The defendants are customers of a New York corporation, Kash 'N Gold, which imports these allegedly infringing duck phones and distributes them within the United States. Kash 'N Gold is not a party to this suit.

The defendants, whose defense in this action is being provided by Kash 'N Gold, have moved to dismiss the suit, or, in the alternative, to stay the action pending decision in a declaratory judgment suit brought by Kash 'N Gold against ATSPI in federal court for the Eastern District of New York. Kash 'N Gold seeks, *inter alia*, a declaration of invalidity and unenforceability of ATSPI's patent, and that its imported duck phones, the same product sold by the defendants in this Pennsylvania suit, are noninfringing. Kash 'N Gold's declaratory judgment suit was filed on October 9, 1987, less than one month after the initiation of the case at bar.

## DISCUSSION

The venue statute applicable to patent infringement cases, 28 U.S.C. § 1400(b), provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Because Kash 'N Gold neither resides nor maintains an established place of business in the Western District of Pennsylvania, there is not venue for ATSPI to join Kash 'N Gold as a defendant in this action against Kash 'N Gold's customers. Courts have recognized that the manufacturer or supplier of an accused device, such as the duck phones here, is the true defendant in a customer suit. *See Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737–738 (1st Cir.1977), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977); *Rhode Gear, U.S.A. v. Frank's Spoke N. Wheel, Inc.*, 225 U.S.P.Q. 1256, 1258 (D.Mass. 1985). The Second Circuit has stated that "it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Codex*, 553 F.2d at 738. In this action, in fact, Kash 'N Gold is providing its customers with legal representation. By controlling the litigation in this suit in the Western District of Pennsylvania, Kash 'N Gold may be bound by the final judgment here and precluded by res judicata from relitigating the same issues elsewhere. *See Schnell v. Eckrich & Sons*, 365 U.S. 260, 262 n. 4, 81 S.Ct. 557, 559 n. 4, 5 L.Ed.2d 548 (1961).

■ The general rule with patent infringement suits is that the first-filed suit should take priority. *See Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir.1965), *cert. dismissed*, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966). However, recognizing the extent to which proceeding with the customer suit effectively compels the manufacturer or supplier to renounce its rights under the venue statute for patent infringement cases, an exception to the general rule is recognized where the earlier action is an infringement suit against a mere customer and the later suit is a declaratory judgment action brought by the manufacturer, supplier or importer of the accused devices. *Codex*, 553 F.2d at 737 (*citing William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177 (2d Cir.1969)); *Rhode Gear, U.S.A., Inc.*, 225 U.S.P.Q. 1256 (extending the exception from manufacturers to importers or suppliers); *Corning Glass Works v. United States*, 204 U.S.P.Q. 436 (Ct.Cl.1979) (later-filed supplier declaratory judgment). We agree with the Second Circuit that in circumstances such as we have here, there should be "a rebuttable presumption that a manufacturer's [or an importer's] declaratory judgment action, in its home forum, at least if brought no later than promptly [1] after a customer action, should take precedence over a mere customer action in a jurisdiction in which the manufacturer [or importer] could not be sued." *Codex*, 553 F.2d at 738. We believe this approach is a sound means of preventing forum shopping, which is particularly appealing in patent infringement litigation.

■ This customer suit falls squarely within the recognized exception to the "first-filed" rule, and we do not find that ATSPI has rebutted the presumption favoring proceeding with Kash 'N Gold's declaratory judgment action in the Eastern District of New York first. ATSPI's brief in opposition to the defendants' motion relies heavily on the argument that the declaratory judgment action should be transferred here. We think this "ducks" the issue. Whether the declaratory judgment suit should be transferred to this district is a determination for the district court in New York to make, 28 U.S.C. § 1406(a), and it is our understanding that such a motion is now pending before that court. We shall stay this action pending the determination

---

1. Kash 'N Gold filed its declaratory judgment action in the Eastern District of New York on October 9, 1987, less than one month after ATSPI had filed this suit.

of Kash 'N Gold's declaratory judgment suit in the Eastern District of New York.

### ORDER

ON THIS 28th day of January, 1988, after careful consideration of the Defendants' Motion to Dismiss or Stay this action, for the reasons stated in the accompanying memorandum,

IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Stay this action is GRANTED, pending determination of Kash 'N Gold's declaratory judgment suit in the Eastern District of New York, Civil Action No. 87–3454;

(2) Defendants' Motion to Dismiss this action is DENIED.