McCrory v. Greenerd Press & Machine    CV-92-179-B    11/24/93
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Tammy McCrory

           v.                                    Civil No. 92-179-B

Greenerd Press and
Machine Co., Inc., et. al.


**O R D E R**

Before the court in this civil action is the plaintiff's motion for a change of venue pursuant to 28 U.S.C. 1404(a).   For the reasons stated below, plaintiff's motion is denied.


## I. Standard of Review

Motions to transfer venue are governed by 28 U.S.C. §1404(a), which provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

District courts enjoy considerable discretion in deciding whether to transfer a case pursuant to section 1404(a).  Norwood v. Kirkpatrick, 349 U.S. 29, 30 (1955); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied,

434 U.S. 860 (1977); <u>McFarland v. Yegen</u>, 699 F. Supp. 10, 15 (D.N.H. 1988). In exercising that discretion, judges must consider the convenience of the parties and witnesses, the relative ease of access to documents needed for evidence, and the possibility of consolidation. <u>See</u> <u>Cianbro Corp.</u>, 814 F.2d at 11; <u>Codex Corp.</u>, 553 F.2d at 737. Despite considering the appropriate mix factors, "there will often be no single right answer" as to where venue should lie. <u>Codex</u>, 553 F.2d at 737.

Any party to the action may make a motion for transfer of venue under 28 U.S.C. § 1404 (a), <u>Philip Carey Mfg. Co. v. Taylor</u>, 286 F.2d 782, 784 (6th Cir. 1961), <u>cert. denied</u>, 366 U.S. 948; <u>Thomas v. Silver Creek Coal Company</u>, 264 F. Supp. 833, 835 (E.D.Pa. 1967), but one thing is clear: parties seeking to transfer an action bear the "substantive burden" of having to show that the factors "predominate" in favor of transfer. <u>See</u> <u>Buckley v. McGraw-Hill, Inc.</u>, 762 F. Supp. 440, 439 (D.N.H. 1987); <u>accord</u> <u>Crosfield Hastech, Inc. v. Harris Corp.</u>, 672 F. Supp. 580, 589 (D.N.H. 1987); <u>see also</u> 1A James W. Moore et al., <u>Moore's Federal Practice</u> ¶ 0.345[5] (2d ed. 1993).

2

## II. Application

Plaintiff argues that a change of venue is proper for convenience purposes because the plaintiff and all of the witnesses to the accident at issue reside in the Western District of Arkansas. Unfortunately, this is the full extent of the her argument. These factors alone do not meet her substantive burden of showing that the factors predominate in favor of transfer, especially, where, as here, plaintiff chose this forum over a year ago, and the defendants have been, since that time, preparing for a quickly approaching trial. The plaintiff provides no details to support her argument, and merely relies on conclusory statements about her residence and the residences of potential witnesses. As such, she has failed to show any significant facts or change of circumstances which show a compelling need to transfer the action, and her motion is denied.

## III. Conclusion

For the foregoing reasons, plaintiff's motion for a change of venue (document no. 11) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 24, 1993

cc:  Gregory Holmes, Esq.
     Frederic Halstrom, Esq.
     Michael Gorham, Esq.