Morin v. Engelberth Const.          CV-94-11-B    06/29/94
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE

Adrien Morin &
     Constance C. Morin

     v.                                     Civil No. 94-11-B

Engelberth Construction, Inc.


                         O R D E R

     Before the court in this civil action is defendant's motion
to transfer venue pursuant to 28 U.S.C. § 1404(a).  For the
following reasons, defendant's motion is granted.


                 **I. Standard of Review**

     Motions to transfer venue are governed by 28 U.S.C.
§1404(a), which provides: "[f]or the convenience of the parties
and witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where
it might have been brought."  District courts enjoy considerable
discretion in deciding whether to transfer a case pursuant to
section 1404(a).  Norwood v. Kirkpatrick, 349 U.S. 29, 30 (1955);
Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.
1987); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st
Cir.), cert. denied, 434 U.S. 860 (1977); McFarland v. Yegen, 699
F. Supp. 10, 15 (D.N.H. 1988).  In exercising that discretion,

judges must consider the convenience of the parties and witnesses, the relative ease of access to documents needed for evidence, and the possibility of consolidation.  See Cianbro Corp., 814 F.2d at 11; Codex Corp., 553 F.2d at 737.  "[A] defendant moving to transfer an action is faced with the substantive burden of having to show that these factors predominate in favor of transfer," Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1991), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)

Here, the parties do not dispute that this action could have been brought in the District of Vermont.  As such, the focus of the court's inquiry is whether the balance of convenience and the interests of justice warrant transfer to that forum.

## II. Analysis

Defendant argues that transfer is appropriate because plaintiffs have filed an action arising from the same injury in the District of Vermont.  Plaintiffs assert that it would be difficult for them to travel to Vermont to litigate the action and that due to the fee arrangements of their Vermont counsel,

2

they prefer to have their New Hampshire counsel litigate the claim.

It is undisputed that plaintiff has filed an action in the District of Vermont claiming negligence against the Town of Georgia School District and its superintendent for injuries Adrien Morin incurred while engaged in construction at the Georgia elementary school. Additionally, the defendants in that action have filed a third part complaint for indemnification against Engelberth Construction. Both actions arise from the same set of facts, and due to the third party complaint, now involve the same parties. As such, there an excellent chance that these two cases would be consolidated upon transfer. This kind of efficient use of judicial resources is a factor that weighs heavily in favor of transfer.

Also weighing in favor of transfer is the balance of convenience of the parties. Due to the third party complaint, Engelberth Construction, a Vermont corporation, must defend itself in two separate forums for suits arising from the same factual situation. It would clearly be more convenient for Engelberth to have this action transferred to the District of Vermont. That having been said, the court is aware of the inconvenience to the plaintiffs, residents of New Hampshire, of

3

transferring the case. The court sympathizes with plaintiff's financial considerations, but finds that because the plaintiffs have already chosen to litigate one claim against another defendant arising from the same facts in the District of Vermont, it would be a small additional burden to travel to that forum to litigate against another defendant as compared with a greater burden on the defendant to ask it to defend itself in two separate forums. In all, the convenience of the parties also weighs in favor of transfer. Accordingly, the court finds that the balance of convenience and the interests of justice warrant transfer to the District of Vermont.

### III. Conclusion

For the foregoing reasons, defendant's motion for a change of venue (document no. 8) is granted. The clerk of court is directed to transfer this case accordingly.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 29, 1994

cc:  Emile R. Bussiere, Esq.
     Cheryl M. Hieber, Esq.
     Eric P. Bernard, Esq.