Marbucco v. Suffolk Const.          CV-95-90-B     09/13/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Marbucco Corp.

        v.                              Civil No.  95-90-B

Suffolk Construction Company


**O R D E R**

Before the court in this civil action is the defendant's motion for a change of venue pursuant to 28 U.S.C. s 1404(a). For the reasons stated below, defendant's motion is denied.

Motions to transfer venue are governed by 28 U.S.C. §1404(a), which provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

District courts enjoy considerable discretion in deciding whether to transfer a case pursuant to section 1404(a).  Norwood v. Kirkpatrick, 349 U.S. 29, 30 (1955); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860 (1977); McFarland v. Yegen, 669 F. Supp. 10, 15

(D.N.H. 1988). In exercising that discretion, judges must consider the convenience of the parties and witnesses, the relative ease of access to documents needed for evidence, and the possibility of consolidation. See Cianbro Corp., 814 F.2d at 11; Codex Corp., 553 F.2d at 737. Despite considering the appropriate mix of factors, "there will often be no single right answer" as to where venue should lie. Codex, 553 F.2d at 737.

Any party to the action may make a motion for transfer of venue under 28 U.S.C. § 1401 (a). Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 784 (6th Cir. 1961), cert. denied, 366 U.S. 948; Thomas v. Silver Creek Coal Company, 264 F. Supp. 833, 835 (E.D.Pa. 1967), but one thing is clear: parties seeking to transfer an action bear the "substantive burden" of having to show that the factors "predominate" in favor of transfer. See Buckley v. McGraw-Hill, Inc., 762 F. Supp. 440, 439 (D.N.H. 1987); accord Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 589 (D.N.H. 1987); see also 1A James W. Moore, et al., Moore's Federal Practice ¶ 0.345[5] (2d ed. 1993).

Defendant has failed to demonstrate that this mix of factors weighs in favor of a change of venue. Although defendant contends that the convenience of witnesses weighs in favor of a transfer, it has failed to convincingly support this assertion.

2

In fact, plaintiff has demonstrated that many other witnesses would be inconvenienced by a change in venue since they reside in this state.  Further, defendant has not demonstrated that this jurisdiction has so little connection to plaintiff's cause of action that it would unfairly burden the public interest to hold the trial here.  Finally, choice of law is unlikely to be a significant issue and, in any event, the court anticipates no difficulty in applying Massachusetts law, if it should determine that such law is appropriate.  Accordingly, defendant's motion to change venue (document no. 5) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 13, 1995

cc:  Lawrence Edelman, Esq.
     Matthew Lahey, Esq.