**Friedman v. Cindylou Prince-Herbert   CV-96-253-B   08/28/96**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Peter Friedman, CPA

   v.                                              Civil No. 96-253-B

Cindylou Prince-Herbert,
Trustee of the Sally Prince
Revocable Trust

## O R D E R

### I.   BACKGROUND[1]

Peter Friedman began providing accounting services to the Sally Prince Revocable Trust in 1990, of which Cindylou Prince-Herbert is the Trustee.  At that time, Friedman resided in New Jersey.  He subsequently moved to Massachusetts, then to New Hampshire in July of 1994.  He continued to provide accounting services for the Trust from his residence in New Hampshire until January of 1996.  These services included handling all of the Trust's correspondence, paying all of the Trust's bills, doing all of the Trust's accounting, and handling real estate transactions for the Trust and for defendant.

---

[1]  ~~The background facts are determined in accordance with~~ <u>the prima facie</u> standard of review elucidated below.

Part of the work Friedman performed for the Trust was consultation in a suit between the Trust and Sanwa Bank in California.  Among other things, Friedman edited all motions in the litigation to ensure that they were factually accurate, reviewed documents produced through discovery, and examined depositions.  He performed much of this work at his New Hampshire residence. Friedman now demands $175,000 for his work as a litigation consultant and $24,825 for other services he performed for the Trust.  Prince-Herbert moves to dismiss for lack of personal jurisdiction and improper venue.[2] For the reasons stated below, I deny defendant's motion.

---

[2]  I held a hearing to determine the relevance of the California litigation to the present action on August 26, 1996. According to counsel, Friedman was added as a defendant in the California litigation for which he had consulted.  He reached a settlement agreement with Prince-Herbert, but the parties now dispute the meaning and enforcement of that agreement.  On June 26, 1996, the Superior Court of California for the County of Los Angeles issued an Order compelling Friedman to release his claim for $175,000 in accordance with the settlement, which Friedman has appealed.  At the hearing, I directed counsel to submit more extensive briefs on the potential res judicata and abstention issues.  In this Order, I address only whether this court is a proper venue and has personal jurisdiction over Prince-Herbert as trustee.

## II. **DISCUSSION**

### A. **Personal Jurisdiction**

When personal jurisdiction over a defendant is contested, the plaintiff has the burden of showing that such jurisdiction exists. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). To carry the burden of proof when there has been no evidentiary hearing, the plaintiff must make a prima facie showing by submitting "evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). As in the standard for summary judgment, the plaintiff "ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts," and the court "must accept the plaintiff's (properly documented) evidentiary proffers as true," making its ruling as a matter of law. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995), United Elec. Workers v. 163 Pleasant St. Corp., 987 F.2d 39, 44 (1st Cir. 1993).

An evidentiary hearing is necessary only if the court determines that it would be unfair to the defendant to resolve the issue without requiring more of the plaintiff than a prima

facie showing of jurisdiction.  Foster-Miller, 46 F.3d at 145-46
(explaining the "trio of standards, each corresponding to a level
of analysis, that might usefully be employed" in deciding a
motion to dismiss for lack of personal jurisdiction).  Here, the
facts are not sufficiently disputed to require an evidentiary
hearing, therefore I apply the prima facie standard.

A court may assert personal jurisdiction over a nonresident
defendant in a diversity of citizenship case only if the
plaintiff establishes both that:  (1) the forum state's long-arm
statute confers jurisdiction over the defendant, and (2) the
defendant has sufficient "minimum contacts" with the forum state
to ensure that the court's jurisdiction comports with the
requirements of constitutional due process.  Sawtelle, 70 F.3d at
1387; Kowalski v. Doherty, Wallace, Pillsbury & Murphy, Attorneys
at Law, 787 F.2d 7, 8 (1st Cir. 1986).  I begin with the New
Hampshire jurisdiction statute.

**1.  New Hampshire's Long-Arm Statute.**

The applicable New Hampshire statute provides long-arm
jurisdiction over nonresident individual defendants as follows:

> Any person who is not an inhabitant of this state who,
> in person or through an agent, transacts any business
> within this state, commits a tortious act within this
> state, or has the ownership, use, or possession of any
> real or personal property situated in this state
> submits himself, or his personal representative, to the

4

> jurisdiction of the courts of this state as to any
> cause of action arising from or growing out of the acts
> enumerated above.

N.H. Rev. Stat. Ann. 510:4, I (1983).

This statute has been interpreted to allow jurisdiction coextensive with the jurisdiction allowed by federal due process. See Phelps v. Kingston, 130 N.H. 166, 170-71 (1987); Sawtelle, 70 F.3d at 1388. Therefore, I proceed to determine whether personal jurisdiction in this case would comport with federal due process.

## 2. Due Process

"The extent of the required jurisdictional showing by a plaintiff depends upon whether the litigant is asserting jurisdiction over a defendant under a theory of 'general' or 'specific' jurisdiction." Sawtelle, 70 F.3d at 1387 n.3. General jurisdiction enables the court to hear cases related and unrelated to the defendant's contacts with the forum state; specific jurisdiction enables the court to hear only cases arising out of the defendant's contacts with the forum state. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 104 S.Ct. 1868, 1872 n.8-9 (1984).

Friedman does not state whether he is asserting general or specific jurisdiction. I need not decide whether this court has general jurisdiction over Prince-Herbert because I hold that it

5

has specific jurisdiction over her.  The First Circuit applies a tripartite test to determine whether a court has specific personal jurisdiction over a defendant:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's in-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

United Elec. Workers, 960 F.2d at 1089.

First, plaintiff must show that the litigation arises out of defendant's contacts with New Hampshire. "[T]he relatedness test is, relatively speaking, a flexible, relaxed standard." Pritzker v. Yari, 42 F.3d 53, 61 (1st Cir. 1994), cert. denied, Yari v. Pritzker, 115 S.Ct. 1959 (1995).  The relatedness requirement "focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207 (1st Cir. 1994).  It limits the extent of jurisdiction over a defendant to the extent of the effects of the defendant's contact with the forum state, and ensures that the defendant will not be subject to specific personal jurisdiction unless the defendant's contacts with the forum state caused the alleged harm.  See id. at 207.  Friedman's affidavit

6

shows that he performed the accounting and consulting services for which he now requests payment primarily in New Hampshire. Defendant does not argue that this litigation does not arise out of her contacts with New Hampshire. Therefore, I hold that plaintiff has satisfied the relatedness requirement.

Second, Prince-Herbert argues that she did not purposefully avail herself of the privileges of conducting activities in New Hampshire. Friedman states in his affidavit, however, that Prince-Herbert used his Wilton, New Hampshire, address for <u>all</u> the trust's correspondence. For example, according to Friedman, all the trust's real estate records were sent to his residence in New Hampshire, all the trust's bills were sent to plaintiff's New Hampshire residence, and all the bills were paid from his residence in New Hampshire. In addition, in 1994, Prince-Herbert listed Friedman's address as the trust's on Federal Income Tax Returns. Furthermore, Friedman states that he performed a significant amount of accounting and consulting work for the trust at his home in New Hampshire. That Prince-Herbert <u>could</u> have availed herself of the same services in other states is immaterial; she <u>did</u> avail herself of the privilege of doing business in New Hampshire.

Prince-Herbert cites Hanson v. Denckla, 357 U.S. 235 (1958) in support. In Hanson, the Court held that Florida courts did not have jurisdiction over a trustee who resided in Delaware. See id. at 251. After creating the trust, the settlor moved to Florida. Id. at 239. The trustee sent income from the trust to her in Florida. Id. at 252. The settlor also "carried on several bits of trust administration" from her residence in Florida. Id. The Court held that the Florida courts' assertion of jurisdiction violated due process due to a lack of minimum contacts. Id. at 1240. In contrast, in the present case, Friedman did not merely perform "bits" of administrative work for the trust at his residence in New Hampshire; in addition to other services he performed for the trust, he handled all of the trust's correspondence. Furthermore, at least for the purposes of the federal income tax, Prince-Herbert actually used plaintiff's New Hampshire residence as the trust's official business address. Thus, Prince-Herbert's contacts in this case are significantly more purposive and extensive than the contacts in Hanson.

Prince-Herbert also argues that she did not purposefully avail herself of the privileges of conducting business in New Hampshire because Friedman lived in New Jersey when she first

8

contracted with him, and she did not contemplate that he might move to New Hampshire at that time. She does not, however, claim that Friedman ever agreed that personal jurisdiction would lie only in New Jersey. Nor does she claim that she was unaware that Friedman had moved to New Hampshire. I find no support for the proposition that New Hampshire lacks jurisdiction over Friedman simply because he lived in New Jersey when he began working for Prince-Herbert, and Prince-Herbert has provided none. Therefore, I hold that Prince-Herbert has satisfied the purposeful availment requirement for personal jurisdiction.

Third, even if plaintiff establishes relatedness and minimum contacts, defendant may defeat jurisdiction by showing that jurisdiction would be unreasonable. Ticketmaster, 26 F.3d at 206. The First Circuit has set forth the following five factors, called the "Gestalt factors," to assist courts in deciding whether this third and most amorphous prong of its tripartite test:

(1) the defendant's burden of appearing

(2) the forum State's interest in adjudicating the dispute

(3) the plaintiff's interest in obtaining convenient and effective relief

(4) the judicial system's interest in obtaining the most effective resolution of the controversy, and

9

                    (5) the common interests of all sovereigns in promoting
                         substantive social policies.

Ticketmaster, 26 F.3d at 209, citing Burger King v. Rudzewicz,
471 U.S. 462, 477 (1985).

The showing defendant must make to prove that jurisdiction would be unreasonable is directly related to plaintiff's showing on the relatedness and purposeful availment prongs of the test for personal jurisdiction; the weaker plaintiff's showings, the less defendant need show to defeat jurisdiction, and, conversely, the stronger plaintiff's showing, the more defendant must show to defeat jurisdiction. Ticketmaster, 26 F.3d at 210. Friedman's prima facie showing on the first two prongs of the test was not weak. Friedman demonstrated a close connection between the harm he suffered and defendant's contacts with New Hampshire and extensive purposeful availment by Prince-Herbert of the privilege of doing business in New Hampshire.

In contrast, Prince-Herbert has not attempted to argue that the Gestalt factors weigh against jurisdiction. I hold that they do not. Among the Gestalt factors, the burden of appearance is "'always a primary concern.'" Id. at 210, citing World-Wide Volkswagen, 444 U.S. at 292. In Pritzker v. Yari, 42 F.3d 53 (1st Cir. 1994), the court explained:

          . . . the concept of burden is inherently relative,
     and, insofar as staging a defense in a foreign

                                   10

> jurisdiction is almost always inconvenient and/or costly, we think this factor is only meaningful where a party can demonstrate some kind of special or unusual burden.

Id. at 62.

To assert personal jurisdiction might require defendant to travel from Australia. Defendant has not, however, shown that litigation in New Hampshire will present any "special or unusual burden" in addition to the burden imposed by the necessary travel.

The second and third Gestalt factors also weigh in favor of asserting personal jurisdiction. New Hampshire has a strong interest in adjudicating a claim by one of its citizens that he has not been paid for work performed largely at his New Hampshire residence. California or Australia would certainly be far less convenient fora for plaintiff.

Regarding the effective administration of justice, while there may be a California state court more familiar with the parties and the previous litigation which would be slightly more able to resolve this dispute quickly and effectively, this alone is insufficient to outweigh the factors supporting jurisdiction. The final gestalt factor is simply not an issue in this case. Therefore, I hold that this court has personal jurisdiction over Prince-Herbert as trustee.

11

## B.  Venue

Prince-Herbert first argues that venue is improper under 28 U.S.C.A. § 1391(a) (West Supp. 1996), and that I should dismiss the case under 28 U.S.C.A. § 1406(a).  Second, even if venue is proper, Prince-Herbert argues that I should transfer this case to a district court in California under 28 U.S.C.A. § 1404(a). Plaintiff bears the burden of proving that venue is proper. Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F.Supp. 1201, 1206 (D.N.H. 1992).  Although the First Circuit has yet to determine the appropriate standard of review for a venue dispute, I recently held that the standard for determining personal jurisdiction outlined in Boit also applies to venue disputes. See Boit, 967 F.2d at 675-77.  See also Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1354-55 (11th Cir. 1990).

28 U.S.C.A. § 1391 (a) states, in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought . . . in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .

Prince-Herbert argues that because a portion of the work for which Friedman claims Prince-Herbert has failed to pay was preparation for litigation in California, New Hampshire is an

improper venue. Although Prince-Herbert may have used plaintiff's work primarily in a suit in California, Friedman's affidavit shows that he performed most of his work for the trust, including preparation and consultation for the California litigation, at his home in New Hampshire. Thus, a substantial part of the events giving rise to the claim occurred in New Hampshire. Therefore, I hold that venue is proper under § 1391(a) and § 1406(a) is innapplicable.

Under § 1404(a), however, where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts enjoy considerable discretion in deciding whether to transfer a case pursuant to section 1404(a). Norwood v. Kirkpatrick, 349 U.S. 29, 30 (1955); Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987); Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860 (1977); McFarland v. Yegen, 669 F. Supp. 10, 15 (D.N.H. 1988).

In exercising that discretion, judges must consider the convenience of the parties and witnesses, the relative ease of access to documents needed for evidence, and the possibility of

13

consolidation.  See Cianbro Corp., 814 F.2d at 11; Codex Corp., 553 F.2d at 737.  Judges must also give substantial deference to plaintiff's choice of forum.  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.")  Despite considering the appropriate mix of factors, "there will often be no single right answer" as to where venue should lie.  Codex, 553 F.2d at 737.  Any party to the action may make a motion for transfer of venue under 28 U.S.C. § 1404 (a). Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 784 (6th Cir. 1961), cert. denied, 366 U.S. 948; Thomas v. Silver Creek Coal Company, 264 F. Supp. 833, 835 (E.D.Pa. 1967), but one thing is clear: parties seeking to transfer an action bear the "substantive burden" of having to show that the factors "predominate" in favor of transfer.  See Buckley v. McGraw-Hill, Inc., 762 F. Supp. 430, 439 (D.N.H. 1987); accord Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 589 (D.N.H. 1987); see also 1A James W. Moore, et al., Moore's Federal Practice ¶ 0.345[5] (2d ed. 1993).

Prince-Herbert argues that California would be a more convenient forum for two reasons.  First, she contends that most of the necessary witnesses, besides Friedman and herself, reside

14

in California.  Second, she contends that it would be easier for her to travel from Australia to California than from Australia to New Hampshire.  Prince-Herbert does not, however, state how many witnesses will need to travel from California or why it is significantly easier for her to travel from Australia to California than Australia to New Hampshire. Neither does she provide any evidence of the extent of the inconvenience of litigating in New Hampshire.  Her assertions are too brief and vague to overcome the deference I must show to plaintiff's choice of forum.  Therefore, Prince-Herbert's motion to transfer is denied.


### III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or to transfer (document 4) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 28, 1996

cc:  Silas Little, III, Esq.
     Thomas Quarles, Esq.