**HEINZ KETTLER GMBH & CO., KG and Kettler International, Inc., Plaintiffs,**

v.

**INDIAN INDUSTRIES, INC. d/b/a/ Escalade Sports, and Sears, Roebuck & Co., Defendants.**

**Civil Action No. 2:08cv168.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 10, 2008.

Edward K. McNew, Esquire, John Curtis Lynch, Esquire, Troutman Sanders LLP, Norfolk, VA, for Plaintiffs.

Charles J. Meyer, Esquire, Woodard, Emhardt, Moriarty, McNett & Henry, Indianapolis, IN, Stephen E. Noona, Esquire, Kristan B. Burch, Esquire, Kaufman & Canoles PC, Norfolk, VA, for Defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on the motion of defendants Indian Industries, Inc. d/b/a/ Escalade Sports ("Escalade") and Sears, Roebuck & Co. ("Sears") to stay plaintiffs' action against Sears pending the outcome of the litigation with Escalade, and defendants' motion for an extension of time for Sears to answer plaintiffs' complaint. Plaintiffs oppose both motions. For reasons set forth herein, the court **DENIES** defendants' Motion to Stay and **GRANTS** defendants' Motion for an Extension of Time.

### I.  Factual and Procedural History

This is an intellectual-property action filed by Heinz Kettler GMBH & Co., KG and Kettler International, Inc. ("plaintiffs") against Indian Industries, Inc., doing business as Escalade Sports and Sears, Roebuck & Co. (together, "defendants"). Plaintiffs allege infringement by both Escalade and Sears of a patent plaintiffs hold for a table-tennis table. Escalade Sports manufactures sporting goods abroad and imports them into the United States. Sears is a retailer and seller of, among other things, Escalade-manufactured table-tennis tables.

On August 4, 2008, defendants filed a Motion to Stay Plaintiffs' Infringement Claims Against Sears ("Motion to Stay") and a Motion for Extension of Time for Sears to Respond to Complaint ("Motion for Extension of Time"). Plaintiffs filed memoranda in opposition of both motions on August 13, 2008. On August 19, 2008, defendants submitted rebuttal briefs to both of plaintiffs' memoranda. The motions are now ripe for consideration.

### II.  Motion to Stay Plaintiffs' Infringement Claims Against Sears

Defendants argue that Sears, as a "mere customer" who purchases and resells Escalade's tables, is not an appropriate party in this case. Contending that resolution of the case between Escalade and plaintiffs

will "completely resolve all issues in the case," defendants ask that the action against Sears be stayed pending the outcome of the plaintiffs' case against Escalade. Motion to Stay at 2. Defendants' motion is based in the "interest of judicial economy" and the need to prevent undue legal burdens on a mere customer. In support of their motion, defendants rely almost exclusively on the "customer-suit exception" doctrine, outlined below. Plaintiffs oppose defendants' motion.

## A. The Power to Stay Proceedings Generally

The decision to stay plaintiffs' claims against Sears is entirely within the discretion of the court. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket. *Landis v. N. Am. Co., et al.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Parties seeking a stay must make out a "clear case of hardship or inequity in being required to go forward," if there is any possibility that the stay will work damage on another party. *Id.* at 255, 57 S.Ct. 163 (noting further that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").

## B. The "Customer–Suit Exception"

■ The customer-suit doctrine carves out an exception to the general rule that, as between two simultaneous and potentially duplicative lawsuits, the first-filed should be allowed to proceed. *Cherdak v. Stride Rite Corp., et al.*, 396 F.Supp.2d 602, 604 (D.Md.2005). In patent litigation, where the earlier action is an infringement suit brought by a patent-holder against a mere customer—one who simply purchases the infringing products for resale to the public—and the later suit is between the patent-holder and the manufacturer of the accused devices, the patentee-manufacturer suit should take precedence. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737–8 (1st Cir.1977). Underlying the customer-suit exception is a recognition that the manufacturer of an allegedly infringing device is the "real party in interest in a lawsuit against a mere customer," and that the interests of judicial economy will be better served by first disposing of the patentee-manufacturer suit. *A.P.T., Inc. v. Quad Envtl. Tech. Corp., Inc.*, 698 F.Supp. 718, 721 (N.D.Ill.1988). The customer-suit exception is predominantly a choice-of-forum doctrine that deals with cases involving a question of whether a district court should enjoin a second proceeding in another jurisdiction. *Cherdak*, 396 F.Supp.2d at 604. In this context, judicial economy rationales make sense: by staying the customer suit, a court protects against the danger that two courts will come to inconsistent conclusions about the infringement of the same patent.

Defendants assert that, as manufacturer and seller, Escalade Sports is the real party in interest in this dispute about the allegedly infringing tables. Drawing upon the policy underlying the customer-suit exception, Defendants argue that Sears is not necessary to this litigation and that the interests of judicial economy will best be served by staying the case.

■ As plaintiffs correctly point out, the customer suit exception is inapplicable in this case. Because plaintiffs have simultaneously sued *both* the manufacturer (Escalade) and the customer (Sears) of the allegedly infringing table-tennis tables, this case does not present a situation where two suits are pending in different jurisdictions, nor a danger of inconsistent conclusions about the infringement of plaintiffs' patent.

Indeed, in defendants' reply in support of their Motion to Stay, they do not dispute plaintiffs' argument that the customer-suit exception doctrine does not apply. Defendants instead reiterate the importance of the "interest of judicial economy" and the "policy of involving real parties in interest" to support their motion. Def's Reply at 1, 2. These arguments are not persuasive. *Both* Escalade and Sears have allegedly infringed plaintiffs' patent. *See* 35 U.S.C.A. § 271(a) ("whoever without authority makes, uses, offers to sell, or *sells* any patented invention ... infringes the patent.") (emphasis added). If anything, the interests of judicial economy will be better served by trying all plaintiffs' infringement claims simultaneously.

Defendants have not made out a "clear case of hardship or inequity" in requiring Sears to go forward. *Landis,* 299 U.S. at 255, 57 S.Ct. 163. They point only to how "notoriously expensive" patent litigation is. Def's Reply at 1. Because defendants' arguments underlying their Motion to Stay are without merit, and because they have not made the requisite hardship showing, the motion is **DENIED.**

### III. Motion for Extension of Time for Sears to Respond

Defendants also move the court to extend the deadline for Sears to answer plaintiffs' complaint until the court decides the Motion to Stay. Should the court deny the Motion to Stay, defendants seek ten (10) days from the notice of denial in which to prepare and file any responsive pleadings to the complaint. Because the court has denied defendants' the motion to stay, the defendants motion for a ten-day extension is **GRANTED.**

### IV. Conclusion

Defendants' Motion to Stay Plaintiffs' Infringement Claims Against Sears is hereby **DENIED.** Defendants' Motion for Extension of Time of ten days is **GRANT-**ED. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all parties.

IT IS SO **ORDERED.**