HEINZ KETTLER GMBH & CO.,
KG and Kettler International,
Inc., Plaintiffs,

v.

INDIAN INDUSTRIES, INC. d/b/a/ Escalade Sports, and Sears, Roebuck
& Co., Defendants.

Civil Action No. 2:08cv168.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 6, 2009.

Edward K. McNew, Esquire, John C. Lynch, Esquire, Troutman Sanders LLP, Norfolk, VA, for Plaintiffs.

Charles J. Meyer, Esquire, Woodard, Emhardt, Moriarty, McNett & Henry, Indianapolis, IN, Stephen E. Noona, Esquire, Kristan B. Burch, Esquire, Kaufman & Canoles, P.C., Norfolk, VA, for Defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on the Motion to Stay filed by Indian Industries, Inc. d/b/a/ Escalade Sports ("Escalade"), on November 11, 2008. Heinz Kettler GMBH & Co., KG and Kettler International, Inc. ("plaintiffs") opposed the motion on November 20, 2008, and defendant replied on November 25, 2008. For the reasons set forth herein, the court **DENIES** defendants' Motion to Stay.

### I.  Factual and Procedural History

This intellectual property action stems from plaintiffs' allegations of infringement by both Escalade and co-defendant Sears, Roebuck & Co. ("Sears") of a patent held by plaintiffs for a table-tennis table.[1]  Es-

---

1.  The patent at issue, U.S. Patent Number    6,990,910 (the "'910 Patent"), is directed to a

calade manufactures sporting goods abroad and imports them into the United States. Sears is a retailer and seller of, among other things, Escalade-manufactured table-tennis tables. On September 10, 2008, this court entered an order denying defendants' motion to stay plaintiffs' action against Sears pending the outcome of the litigation with Escalade. *See Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F.Supp.2d 728 (E.D.Va.2008). The court now addresses a second, new motion to stay filed by defendant Escalade.[2]

On October 16, 2008, Escalade filed a Request for Reexamination with the United States Patent and Trademark Office ("PTO"), seeking reexamination of the '910 Patent.[3] While the PTO has yet to rule on Escalade's request,[4] defendant asserts that a stay of this litigation is appropriate pending the outcome of such reexamination, pursuant to 35 U.S.C. § 318. This section provides:

> *Stay of Litigation.* Once an order for *inter partes* reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the *inter partes* reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

Escalade here asserts that staying this case while the request for reexamination is considered, and until the conclusion of the reexamination proceedings, is appropriate given (a) the substantial simplification of issues that would result from reexamination, (b) the early stage of litigation, and (c) that plaintiffs will not be prejudiced by such a stay. Plaintiffs oppose a stay, arguing both that the motion premature under the plain language of 35 U.S.C. § 318, and that the interests of justice will not be served because (a) the case is relatively straightforward, thus any argument of substantial simplification of the issues is not compelling; (b) the litigation is in an early stage only because of both defendants' "efforts to stall the case"; and (c) plaintiffs *will* be prejudiced by a stay. (Opp'n to Mot. to Stay 11.)

## II. Law

### A. *Inter Partes* Reexamination Generally

Reexamination is the process by which a party seeking to challenge the validity of an unexpired patent on the basis of prior art can request the PTO reevaluate the patent's claims. *See* 35 U.S.C. § 311. Within three months of this request for reexamination, the PTO should determine whether "a substantial new question of patentability affecting any claim of the patent concerned is raised by the request," and, if so, must order *inter partes* reexamination of the patent for resolution of the

---

table-tennis table comprised of two halves with the ability to move each half from a vertical to a horizontal position. (Compl. 3.)

2. In the interim, the court issued a Rule 26(f) Order, held a Rule 16(b) Scheduling Conference, and held an unsuccessful settlement conference. The Scheduling Order sets May 18, 2009, as the start of trial.

3. Escalade's request for reexamination is based in its assertion that the majority of the claims in the '910 Patent be reexamined and

declared invalid in view of certain prior art. (Mot. to Stay 2.)

4. A decision granting or denying a request for *inter partes* reexamination must issue not later than three months after the filing of such request. 35 U.S.C. § 312(a). As defendants filed their request on October 16, 2008, the PTO should rule on whether it will reexamine the '910 Patent by mid-January, 2009. To date, it has not done so.

882

question. 35 U.S.C. §§ 312, 313. As explained by the Federal Circuit, the "innate function of the reexamination process is to increase the reliability of the PTO's action in issuing a patent by reexamination of patents thought 'doubtful.'" *In re Etter*, 756 F.2d 852, 857 (Fed.Cir.1985) (internal citation omitted).

## B. Stay of Litigation Pending Reexamination

■ As outlined above, pursuant to 35 U.S.C. § 318, parties may obtain a stay of any pending litigation that involves an issue of patentability of any patent claims that are the subject of the *inter partes* reexamination order, unless the court determines that a stay "would not serve the interests of justice." 35 U.S.C. § 318. As with any litigation, the decision to stay this case is entirely within the discretion of the court, as it is incidental to the power inherent in this, and every, court to control the disposition of cases on its docket. *Landis v. N. Am. Co., et al*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). *See also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (noting that, although commencement of reexamination proceedings does not automatically stay litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the conclusion of reexamination proceedings before the PTO.)

■ Several benefits accrue from a stay pending reexamination. Deferring determinations of patent validity to the PTO

offers many advantages, including alleviation of discovery problems relating to prior art, consideration of any prior art by the PTO prior to trial, and, in those cases resulting in effective invalidity of the patent, likely dismissal of the suit. *Bausch & Lomb, Inc. v. Rexall Sundown, Inc., et al*, 554 F.Supp.2d 386, 389–90 (W.D.N.Y.2008) (citations omitted). In short, staying a patent infringement case until the PTO has determined if the patent is still valid serves the interests of judicial economy because the parties will not need to prepare for litigation that may end up being dismissed based on the results of the reexamination.

## III.  Analysis

■ The plain language of 35 U.S.C. § 318 renders Escalade's motion premature. That section indicates that a stay may be obtained *once an order for reexamination has been issued,* and does not seem to contemplate that a stay is appropriate before reexamination has been ordered.[5] Because Escalade's request for reexamination is still pending, a stay is premature. Put simply, at this juncture, a stay of this litigation is inappropriate. Should the PTO grant Escalade's request for reexamination, defendant may again request a stay of this case pending the conclusion of those proceedings.

## IV.  Conclusion

Defendant Escalade's Motion to Stay is hereby **DENIED.** The Clerk is **DIRECT-**

---

5. The court recognizes that a few courts have concluded that a stay is appropriate in view of a *pending* reexamination request. *See, e.g., Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.,* 68 U.S.P.Q.2d 1755, 1758 n. 6 (E.D.Mich.2003) (finding that "a stay is at least warranted while the PTO makes its initial determination as to whether

to proceed with a reexamination," and noting that, should the request for reexamination be denied, plaintiff can ask the court to lift the stay at that time). On the pleadings before it, however, the court can find no reason to depart from the very language of the 35 U.S.C. § 318, which dictates the timing of obtaining a stay.

**ED** to forward a copy of this Opinion and Order to all parties.

IT IS SO **ORDERED**.